In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00185-CR
NO. 09-13-00186-CR

**BRITTANY SYMONE WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 10-08639, 12-15039**

## MEMORANDUM OPINION

In these two appeals,[1] counsel for the appellant, Brittany Symone Washington, filed briefs stating that Washington has no arguable issues to support a decision reversing the trial court's judgments. After reviewing the records and

---

[1]Because Washington's cases share identical reporter's records and the briefs in each are substantially similar, we address both appeals in one opinion.

briefs, we agree that no arguable issues support Washington's appeals. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In carrying out separate plea bargain agreements in Cause Numbers 12-15039 and 10-08639, Washington pled guilty to an indictment alleging that she committed felony criminal mischief and an indictment alleging that she committed robbery. *See* Tex. Penal Code Ann. §§ 28.03(a)(1), (b)(4)(A) (Felony Criminal Mischief), 29.02 (Robbery) (West 2011). In carrying out the plea agreement in the robbery case, the trial court deferred the adjudication of Washington's guilt, placed Washington on community supervision for seven years, and assessed a fine of $1,000. In carrying out the plea agreement in her felony criminal mischief case, the trial court deferred the adjudication of Washington's guilt and placed her on community supervision for five years.

Subsequently, the State filed motions asking the trial court to revoke its community supervision orders in each of Washington's cases. The trial court heard both motions in the same revocation hearing. At the revocation hearing, Washington admitted the State's allegation in the motions to revoke that in March 2013, she committed theft, a felony. Washington's plea of "true" to having committed theft establishes that she violated one of the terms contained in the community supervision orders that govern her cases. At the conclusion of the

hearing, the trial court found that Washington violated her community supervision orders; then, the trial court found Washington guilty of robbery and guilty of felony criminal mischief. The trial court sentenced Washington to eleven years in prison in her robbery case. Based on her conviction for felony criminal mischief, the trial court imposed a sentence of two years, to be served in state jail. The trial court ordered concurrent sentences with respect to Washington's two convictions. Then Washington appealed.

On appeal, Washington's counsel filed briefs presenting counsel's professional evaluation of the records; in the briefs, Washington's appellate counsel concludes that Washington's appeals are frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted extensions of time to allow Washington to file *pro se* briefs in her appeals, but she did not do so.

Having reviewed the appellate records and the *Anders* briefs filed by Washington's counsel, we agree with counsel's conclusion that no arguable issues support either of Washington's appeals. Consequently, we need not order the appointment of new counsel to re-brief Washington's appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, we note that the judgment the trial court rendered in Washington's robbery case contains clerical errors. Page two of the judgment in Cause Number 10-08639 references a previously assessed fine, but page one does not, and the trial court did not orally pronounce a fine at the revocation hearing. This Court has the authority to modify the trial court's judgment to correct clerical errors. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, in Cause Number 10-08639, on page two of the judgment we strike the phrase requiring the defendant to pay "all fines," and we strike the phrase under the heading "Punishment Options" requiring the defendant to pay "any remaining unpaid fines," and we delete those phrases from the judgment. We amend the language on the second page of the written judgment in Cause Number 10-08639 ordering the defendant to pay "all fines" to read: "The Court ORDERS Defendant to pay all court costs and restitution as indicated above." We also amend the language on the second page of the written judgment in Cause Number 10-08639 ordering the defendant pay "any remaining unpaid fines[]" to read: "Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining court costs and restitution as ordered by the Court above."

The clerical errors in the written judgment of Cause Number 10-08639 do not raise arguable issues concerning Washington's guilt or her sentence of eleven

4

years in prison. Because Washington has not presented issues showing the judgment should be reversed, we affirm the trial court's judgment in Cause Number 10-08639, as modified, and we affirm the trial court's judgment in Cause Number 12-15039.[2]

AFFIRMED AS MODIFIED; AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 12, 2013
Opinion Delivered March 5, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2]Washington may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.